NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-651

RAYMOND LEGER, ET AL.

VERSUS

IMPERIAL FIRE & CASUALTY INSURANCE CO., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-5639
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Terry Rowe
Terry L. Rowe & Associates
P. O. Box 3323
Lafayette, LA 70502
(337) 232-4744
Counsel for Defendant/Appellee:
        State Farm Mutual Automobile Insurance Company

**Byron A. Richie**
**Richie, Richie & Oberle, L.L.P.**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**Counsel for Defendant/Appellee:**
      **Imperial Fire & Casualty Insurance Company**

**D. Patrick Daniel, Jr.**
**Law Offices of D. Patrick Daniel, Jr., LLC**
**P. O. Drawer 51709**
**Lafayette, LA 70505-1709**
**(337) 232-7516**
**Counsel for Plaintiff/Appellant:**
      **Raymond Leger**

**DECUIR, Judge.**

Raymond Leger appeals the denial of his Petition to Annul and contests the dismissal of his claims against State Farm Mutual Automobile Company and Imperial Fire and Casualty Insurance Company. Finding no grounds for nullity and no merit to the arguments raised by Leger in this appeal, we affirm.

In 2003, Raymond's adult son, Christopher, was involved in an unwitnessed single car accident. Alleging that he was a guest passenger in the vehicle involved in the accident, Christopher filed suit against the driver, Ryan Broussard. Raymond joined as a plaintiff, alleging loss of consortium damages. Named as defendants were Broussard, State Farm, and Imperial Fire. In a separate lawsuit, Ryan Broussard filed suit against Christopher, alleging that Christopher was the driver in the single car accident. During the pendency of the two suits, Christopher died of causes unrelated to the accident.

Both State Farm and Imperial Fire filed motions for summary judgment in the Legers' suit. The motions were served on Raymond personally on March 23, 2007 and April 4, 2007. The Legers' attorney, Andre Toce, had a pending motion to withdraw which was granted on April 12, 2007. The insurers asserted that after Christopher's death, the only admissible evidence of the identity of the driver was from Ryan Broussard who would testify that Christopher was the driver and, therefore, no genuine issue of fact exists as to Broussard's and the insurers' liability. Summary judgment was granted in favor of both insurers and the Legers' suit was dismissed. Raymond was served with notice of signing of the judgment on May 2, 2007.

Raymond filed a petition to annul the summary judgments on October 17, 2007. The trial court cited La.Code Civ.P. art. 2002 and found Raymond would not be able to prove any grounds for a nullity:

Mr. Leger is competent, was served with notice of the hearing on the motions for summary judgment, and this court has jurisdiction over this matter. He failed to appear or oppose these motions and waiting until over 5 months after the judgment was rendered—and the time to appeal had lapsed, to file his petition to annul the judgment. Accordingly, this court granted the exceptions.

In this appeal, Raymond contends he was not properly served with notice of the insurers' motions for summary judgment in March and April 2007 because he was still represented by counsel and his counsel should have been served. We disagree. Articles 1313 and 1314 of the Code of Civil Procedure allow for personal service on an adverse party. The record shows personal service on Raymond was perfected on March 23, 2007 and April 4, 2007. Therefore, Raymond has failed to prove that he was not properly served with notice of the summary judgment hearings.

Additionally, Raymond complains that his petition for nullity is viable because he was not properly substituted as the party plaintiff for the claims of his deceased son, Christopher. This allegation is immaterial. Raymond was already a named plaintiff in the suit, having asserted a claim for loss of consortium. Because of his interest in the suit, he was served with notice of the summary judgment motions. Additionally, Raymond seems to insinuate that counsel for the insurers, or perhaps the court itself, may have had an obligation to substitute him as the main plaintiff in the case after Christopher's death. This argument is simply untenable and has no basis in the law.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Raymond Leger.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.